**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAUL ARROYO, SR. and RAUL ARROYO, JR., ) | ) ) | |
| Plaintiffs, ) | ) | Case No.:  08 CV 1252 |
| v. ) | ) | Judge Milton I. Shadur |
| Z FORCE TRANSPORTATION, INC., ) | ) | Magistrate Judge Morton Denlow |
| Defendant. ) | ) | **Jury Trial Requested** |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
FIRST AMENDED COMPLAINT**

NOW COMES Defendant, Z FORCE TRANSPORTATION, INC., by their counsel, NIELSEN, ZEHE & ANTAS, P.C., and in Answer to Plaintiffs' First Amended Complaint, states as follows:

**PRELIMINARY STATEMENT**

1. This action seeks redress for the violation of rights guaranteed to Plaintiffs by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiffs seek mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:** **Defendant denies that it engaged in any discriminatory employment practices whatsoever.  Defendant admits the remaining allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint.**

**JURISDICTIONAL STATEMENT**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C.

§ 1981 and 42 U.S.C. § 2000e et seq. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:  Defendant admits the Court has jurisdiction over this matter.  The Defendant denies that it engaged in any deprivation of Plaintiffs rights whatsoever.**

## VENUE

3.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:    Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint.**

## PARTIES

4.    Plaintiff, RAUL ARROYO, SR., is a male resident of Illinois, of Mexican national origin and ancestry, who bears Hispanic ethnic characteristics.

**ANSWER:    Defendant admits that Raul Arroyo, Sr. is a male of Mexican national origin and ancestry.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint.**

5.    Plaintiff, RAUL ARROYO, JR., is a male resident of Illinois, of Mexican national origin and ancestry, who bears Hispanic ethnic characteristics.

**ANSWER:    Defendant admits that Raul Arroyo, Jr. is a male of Mexican national origin and ancestry.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiffs First Amended Complaint.**

6.    Defendant, Z FORCE TRANSPORTATION, INC., is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000e(b).

**ANSWER:** Defendant admits the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint.

## PROCEDURE

7. Plaintiff RAUL ARROYO, SR. ("ARROYO SR") filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 22, 2008. The EEOC issued Plaintiff ARROYO SR a Notice of Right to Sue on February 29, 2008, which Plaintiff ARROYO SR received on March 3, 2008. The Notice of Right to Sue entitles Plaintiff ARROYO SR to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff ARROYO SR has initiated this action within said ninety (90) day period.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint.

8. Plaintiff RAUL ARROYO, JR. ("ARROYO JR") filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 22, 2008. The EEOC issued Plaintiff ARROYO JR a Notice of Right to Sue on February 29, 2008, which Plaintiff ARROYO JR received on March 3, 2008. The Notice of Right to Sue entitles Plaintiff ARROYO JR to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff ARROYO JR has initiated this action within said ninety (90) day period.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint.

## COUNT I — 42 U.S.C. § 1981- RACE DISCRIMINATION

9. Paragraphs one (1) through eight (8) are incorporated by reference as if fully set out herein.

**ANSWER:** **Defendant reaffirms and re-alleges its Answers to allegations numbered 1-8, as if fully restated herein and incorporate them herein by reference.**

10. Plaintiffs bear the racial characteristics of Hispanic individuals and/or are generally perceived to have such characteristics.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' First Amended Complaint.**

11. Plaintiff RAUL ARROYO, SR, ("ARROYO SR") began working for Defendant in September 2006 as the Supervisor for Welders and Mechanics. Throughout the entirety of his employment with Defendant, Plaintiff ARROYO SR has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, his merit-based raise and complements from management.

**ANSWER:** **Defendant denies that Plaintiff Raul Arroyo, Sr. ever worked as a supervisor for mechanics. Defendant admits the remaining allegations contained in Paragraph 11 of Plaintiffs' First Amended Complaint.**

12. Plaintiff RAUL ARROYO, JR. ("ARROYO JR") began working for Defendant in August 2006 as a Truck Washer and was subsequently promoted to the position of Welder. Throughout the entirety of his employment with Defendant, Plaintiff ARROYO JR has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, his merit-based raises and promotion.

4

**ANSWER:** **Defendant denies that Plaintiff Raul Arroyo, Jr. was ever promoted to the position of welder. Defendant admits the remaining allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint.**

13. Since the inception of their employment, Defendant's owner, Dave Zenere, and managerial employees, including Jeff, Vice President, and Eric Shields, General Supervisor, have created a hostile work environment for Plaintiffs and other Hispanic employees at their location resulting in a deterioration of the terms and conditions of Plaintiffs' employment as compared to their Caucasian co-workers.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' First Amended Complaint.**

14. Defendant's owner and managerial employees have used and permitted the use by Caucasian hourly employees of racially hostile and offensive language, including referring to Plaintiffs and other Hispanic employees as "f[]n Mexicans", "lazy Mexicans", or "spics".

**ANSWER:** **Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' First Amended Complaint.**

15. Throughout their employment, Defendant has provided Plaintiffs' similarly-situated Caucasian co-workers, including but not limited to Glenn Osborne, Larry Dodson, Bruce Jechort, Randy Zemola, and Wayne Good substantially greater compensation and other benefits, despite Plaintiffs performing the same or similar duties.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint.**

16. The greater compensation and benefits Defendant provides to its Caucasian employees includes, but is not limited to:

      a.    an hourly wage that is substantially higher for Plaintiffs' similarly-situated Caucasian co-workers;

      b.    overtime benefits. While Defendant provides its Caucasian workforce overtime compensation at one-hundred and fifty (150) percent of their normal hourly rate, Defendant only compensates Plaintiffs and the other Hispanic employees their regular hourly rates for overtime duty;

      c.    other employee benefits, including insurance and paid holidays.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint, inclusive of subparagraphs 16(a) through 16(c).**

17.    In addition, Defendant provides Plaintiffs' similarly-situated Caucasian co-workers far greater safety equipment and conditions.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint.**

18.    Defendant outfits its Caucasian workforce with proper safety equipment, including safety gloves, ear plugs, heating, and proper ventilation.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint. Defendant affirmatively avers that the same safety equipment is available and provided to all workers.**

19.    In contrast, Defendant has denied Plaintiffs and other Hispanic employees these proper workplace equipment and conditions. As a result, Plaintiffs frequently have faced significant risks in performing their day-to-day activities and on several occasions have become injured, such as receiving serious burns.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint.**

20. Defendant has granted Plaintiffs' Caucasian co-workers control of the ventilating fans, which disperse harmful gases away from Plaintiffs while welding and performing other duties. These Caucasian employees have often abused this authority by turning off the ventilating fans, causing Plaintiffs and other Hispanic employees to inhale harmful fumes.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' First Amended Complaint.**

21. Since shortly after beginning their employment, Plaintiffs placed complaints regarding the disparate treatment and work conditions afforded to Hispanic employees to Defendant's managerial employees, including Dave Zenere, Owner, Jeff, Vice President, and Eric Shields, General Supervisor.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' First Amended Complaint.**

22. In addition to their own reports, Plaintiffs translated complaints of disparate treatment from their Hispanic non-English speaking co-workers to Defendant's owner and managerial employees.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' First Amended Complaint.**

23. Despite their numerous complaints, Defendant took no substantive action to address Plaintiffs' reports and the disparate work environment continued unabated.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' First Amended Complaint.**

24. Rather than address their complaints, on December 22, 2007, shortly following additional complaints of disparate treatment, Defendant's owner, Dave Zenere, terminated Plaintiffs' employment immediately without cause, reason, or explanation.

**ANSWER:  Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' First Amended Complaint.**

25. While Defendant terminated Plaintiffs, Defendant did not terminate the employment of their similarly situated Caucasian co-workers, despite their substantially poorer performance in comparison to Plaintiffs.

**ANSWER:  Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint. Defendant affirmatively avers that Plaintiffs were not terminated; they abandoned their jobs.**

26. Any reasons proffered by Defendant for terminating Plaintiffs' employment are pretext for discriminating against Plaintiffs because of their race, Hispanic.

**ANSWER:  Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' First Amended Complaint. Defendant affirmatively avers that Plaintiffs were not terminated; they abandoned their jobs.**

27. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiffs on the basis of their race, Hispanic, by subjecting them to a racially discriminatory work environment and have deprived Plaintiffs of the enjoyment of all benefits, privileges, terms and conditions of their employment in violation of 42 U.S.C. § 1981.

**ANSWER:  Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' First Amended Complaint.**

28. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiffs have suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:    Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' First Amended Complaint.**

WHEREFORE, the Defendant, Z FORCE TRANSPORTATION, INC., denies that the Plaintiffs are entitled to any relief and instead prays that the Court dismiss the Plaintiffs' First Amended Complaint with prejudice, enter judgment in favor of the Defendant and award the Defendant further relief as this Court deems appropriate.

## COUNT II — TITLE VII - NATIONAL ORIGIN DISCRIMINATION

29. Paragraphs one (1) through twelve (12) are incorporated by reference as if fully set out herein.

**ANSWER:    Defendant reaffirms and re-alleges its Answers to allegations numbered 1-12, as if fully restated herein and incorporate them herein by reference.**

30. Since the inception of their employment, Defendant's owner, Dave Zenere, and managerial employees, including Jeff, Vice President, and Eric Shields, General Supervisor, have created a hostile work environment for Plaintiffs and other Mexican employees at their location resulting in a deterioration of the terms and conditions of Plaintiffs' employment as compared to their non-Mexican co-workers.

**ANSWER:    Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' First Amended Complaint.**

31. Defendant's owner and managerial employees have used and permitted the use by non-Mexican hourly employees of racially hostile and offensive language, including referring to Plaintiffs and other Mexican employees as "f[]n Mexicans", "lazy Mexicans", or "spics".

**ANSWER:** **Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' First Amended Complaint.**

32. Throughout their employment, Defendant has provided Plaintiffs' similarly-situated non-Mexican co-workers, including but not limited to Glenn Osborne, Larry Dodson, Bruce Jechort, Randy Zemola, and Wayne Good substantially greater compensation and other benefits, despite Plaintiffs performing the same or similar duties.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' First Amended Complaint.**

33. The greater compensation and benefits Defendant provides to its non-Mexican employees includes, but is not limited to:

   a. an hourly wage that is substantially higher for Plaintiffs' similarly-situated non- Mexican co-workers;

   b. overtime benefits. While Defendant provides its non-Mexican workforce overtime compensation at one-hundred and fifty (150) percent of their normal hourly rate, Defendant only compensates Plaintiffs and the other Mexican employees their regular hourly rates for overtime duty;

   c. other employee benefits, including insurance and paid holidays.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' First Amended Complaint, inclusive of subparagraphs 33(a) through 33(c).**

34. In addition, Defendant provides Plaintiffs' similarly-situated non-Mexican co-workers far greater safety equipment and conditions.

Case 1:08-cv-01252   Document 20   Filed 04/11/2008   Page 11 of 19

**ANSWER:    Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' First Amended Complaint.**

35.    Defendant outfits its non-Mexican workforce with proper safety equipment, including safety gloves, ear plugs, heating, and proper ventilation.

**ANSWER:    Defendant admits the allegations contained in Paragraph 35 of Plaintiffs' First Amended Complaint. Defendant affirmatively avers that the same safety equipment is available and provided to all workers.**

36.    In contrast, Defendant has denied Plaintiffs and other Mexican employees these proper workplace equipment and conditions. As a result, Plaintiffs frequently have faced significant risks in performing their day-to-day activities and on several occasions have become injured, such as receiving serious burns.

**ANSWER:    Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' First Amended Complaint.**

37.    Defendant has granted Plaintiffs' non-Mexican co-workers control of the ventilating fans, which disperse harmful gases away from Plaintiffs while welding and performing other duties. These non-Mexican employees have often abused this authority by turning off the ventilating fans, causing Plaintiffs and other Mexican employees to inhale harmful fumes.

**ANSWER:    Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' First Amended Complaint.**

38.    Since shortly after beginning their employment, Plaintiffs placed complaints regarding the disparate treatment and work conditions afforded to Mexican employees to Defendant's managerial employees, including Dave Zenere, Owner, Jeff, Vice President, and Eric Shields, General Supervisor.

11

**ANSWER:** **Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint.**

39. In addition to their own reports, Plaintiffs translated complaints of disparate treatment from their Mexican non-English speaking co-workers to Defendant's owner and managerial employees.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' First Amended Complaint.**

40. Despite their numerous complaints, Defendant took no substantive action to address Plaintiffs' reports and the disparate work environment continued unabated.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' First Amended Complaint.**

41. Rather than address their complaints, on December 22, 2007, shortly following additional complaints of disparate treatment, Defendant's owner, Dave Zenere, terminated Plaintiffs' employment immediately without cause, reason, or explanation.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' First Amended Complaint.**

42. While Defendant terminated Plaintiffs, Defendant did not terminate the employment of their similarly situated non-Mexican co-workers, despite their substantially poorer performance in comparison to Plaintiffs.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' First Amended Complaint. Defendant affirmatively avers that Plaintiffs were not terminated; they abandoned their jobs.**

43. Any reasons proffered by Defendant for terminating Plaintiffs' employment are pretext for discriminating against Plaintiffs because of their national origin, Mexican.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' First Amended Complaint. Defendant affirmatively avers that Plaintiffs were not terminated; they abandoned their jobs.**

44. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiffs on the basis of their national origin, Mexican, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' First Amended Complaint.**

45. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiffs have suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' First Amended Complaint.**

WHEREFORE, the Defendant, Z FORCE TRANSPORTATION, INC., denies that the Plaintiffs are entitled to any relief and instead prays that the Court dismiss the Plaintiffs' First Amended Complaint with prejudice, enter judgment in favor of the Defendant and award the Defendant further relief as this Court deems appropriate.

### COUNT III 42 U.S.C. § 1981 - RETALIATION

46. Paragraphs one (1) through twenty (20) are incorporated by reference as if fully set out herein.

**ANSWER:** **Defendant reaffirms and re-alleges its Answers to allegations numbered 1-20, as if fully restated herein and incorporate them herein by reference.**

47. Since shortly after beginning their employment, Plaintiffs placed complaints regarding the disparate treatment and work conditions afforded to Hispanic employees to Defendant's managerial employees, including Dave Zenere, Owner, Jeff, Vice President, and Eric Shields, General Supervisor.

**ANSWER:    Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint.**

48. In addition to their own reports, Plaintiffs translated complaints of disparate treatment from their Hispanic non-English speaking co-workers to Defendant's owner and managerial employees.

**ANSWER:    Defendant denies the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint.**

49. Plaintiffs engaged in protected conduct under 42 U.S.C. § 1981 based on their opposition to and reporting of Defendant's discriminatory conduct.

**ANSWER:    Defendant denies the allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint.**

50. Despite their numerous complaints, Defendant took no substantive action to address Plaintiffs' reports and the disparate work environment continued unabated.

**ANSWER:    Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint.**

51. Rather than address their complaints, on December 22, 2007, shortly following additional complaints of disparate treatment, Defendant's owner, Dave Zenere, terminated Plaintiffs' employment immediately without cause, reason, or explanation.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' First Amended Complaint.**

52. On information and belief, similarly situated employees who did not engage in protected activity were not subjected to the adverse actions directed against Plaintiffs.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint.**

53. Any reasons proffered by Defendant for terminating Plaintiffs' employment are pretext for retaliating against Plaintiffs because of their complaints of racial discrimination.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint. Defendant affirmatively avers that Plaintiffs were not terminated; they abandoned their jobs.**

54. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiffs based on their opposition to the creation of a discriminatory work environment and have deprived Plaintiffs of the enjoyment of all benefits, privileges, terms and conditions of their employment in violation of 42 U.S.C. § 1981.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint.**

55. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiffs have suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' First Amended Complaint.**

WHEREFORE, the Defendant, Z FORCE TRANSPORTATION, INC., denies that the Plaintiffs are entitled to any relief and instead prays that the Court dismiss the Plaintiffs' First Amended Complaint with prejudice, enter judgment in favor of the Defendant and award the Defendant further relief as this Court deems appropriate.

### COUNT IV — TITLE VII - RETALIATION

56.  Paragraphs one (1) through twelve (12) and thirty (30) through thirty-seven (37) are incorporated by reference as if fully set out herein.

**ANSWER: Defendant reaffirms and re-alleges its Answers to allegations numbered 1-12 and 30-37, as if fully restated herein and incorporate them herein by reference.**

57.  Since shortly after beginning their employment, Plaintiffs placed complaints regarding the disparate treatment and work conditions afforded to Mexican employees to Defendant's managerial employees, including Dave Zenere, Owner, Jeff, Vice President, and Eric Shields, General Supervisor.

**ANSWER: Defendant denies the allegations contained in Paragraph 57 of Plaintiffs' First Amended Complaint.**

58.  In addition to their own reports, Plaintiffs translated complaints of disparate treatment from their Mexican non-English speaking co-workers to Defendant's owner and managerial employees.

**ANSWER: Defendant denies the allegations contained in Paragraph 58 of Plaintiffs' First Amended Complaint.**

59.  Plaintiffs engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on their opposition to and reporting of Defendant's discriminatory conduct.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' First Amended Complaint.**

60. Despite their numerous complaints, Defendant took no substantive action to address Plaintiffs' reports and the disparate work environment continued unabated.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint.**

61. Rather than address their complaints, on December 22, 2007, shortly following additional complaints of disparate treatment, Defendant's owner, Dave Zenere, terminated Plaintiffs' employment immediately without cause, reason, or explanation.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint. Defendant affirmatively avers that Plaintiffs were not terminated; they abandoned their jobs.**

62. On information and belief, similarly situated employees who did not engage in protected activity were not subjected to the adverse actions directed against Plaintiffs.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint.**

63. Any reasons proffered by Defendant for terminating Plaintiffs' employment are pretext for retaliating against Plaintiffs because of their complaints of national origin discrimination.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 63 of Plaintiffs' First Amended Complaint. Defendant affirmatively avers that Plaintiffs were not terminated; they abandoned their jobs.**

64.   The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiffs based on their opposition to the creation of a discriminatory work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:   Defendant denies the allegations contained in Paragraph 64 of Plaintiffs' First Amended Complaint.**

65.   As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiffs have suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:   Defendant denies the allegations contained in Paragraph 65 of Plaintiffs' First Amended Complaint.**

WHEREFORE, the Defendant, Z FORCE TRANSPORTATION, INC., denies that the Plaintiffs are entitled to any relief and instead prays that the Court dismiss the Plaintiffs' First Amended Complaint with prejudice, enter judgment in favor of the Defendant and award the Defendant further relief as this Court deems appropriate.

### AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Z FORCE TRANSPORTATION, INC., by and through its attorneys, Jeffrey R. Zehe and Joanne M. Rogers of NIELSEN, ZEHE & ANTAS, P.C., and for its affirmative defenses, state as follows:

1.   Plaintiffs have failed to state a claim upon which relief can be granted in that they suffered no adverse employment action(s).

2.   Plaintiffs have failed to mitigate their damages.

WHEREFORE, Defendant Z FORCE TRANSPORTATION, INC., denies that Plaintiffs are entitled to the relief sought or any amount whatsoever, and requests that this Court enter an order of judgment in its favor and against the Plaintiffs and further requests that this Court award it all of its costs.

## JURY DEMAND

The Defendant hereby demands a trial by jury.

<div style="text-align: right;">

s/Joanne M. Rogers
Jeffrey R. Zehe, ARDC 3125616
Joanne M. Rogers, ARDC #6202284
Attorneys for Defendant
NIELSEN, ZEHE & ANTAS, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
Telephone:   312-322-9900
Facsimile:    312-322.9977
Emails:        jzehe@nzalaw.com
                    jrogers@nzalaw.com

</div>