IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAUL ARROYO, SR. and RAUL ARROYO, JR., <br> Plaintiffs, <br> v. <br><br> Z FORCE TRANSPORTATION, INC., <br> Defendant. | No. 08 CV 1252 <br><br> Hon. Milton I. Shadur <br> Judge Presiding <br><br> Magistrate J. Denlow |

**PLAINTIFFS' UNOPPOSED MOTION TO REASSIGN RELATED CASE**

Plaintiffs, RAUL ARROYO, SR. and RAUL ARROYO, JR., by and through their counsel, LISA KANE & ASSOCIATES, P.C., respectfully request this Honorable Court to enter an order reassigning a related matter, *Christian Arroyo v. Z-Force Transportation (Case No. 08 CV 2689)*, to this case. In support thereof, Plaintiffs state as follows:

1. Plaintiffs' counsel has discussed this Motion with counsel representing the Defendant in both of the above cases. Defendant's counsel has no objection to this Motion.

2. On February 29, 2008, Plaintiffs, two Hispanic individuals of Mexican descent, filed their Complaint in this matter, alleging that they were subjected to race discrimination and retaliation in their employment with Defendant under 42 U.S.C. § 1981. The Complaint was amended on March 4, 2008 to include claims of race discrimination, national origin discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (A copy of the First Amended Complaint is attached hereto as Ex. A.)

3. Defendant filed an Answer to the Complaint on April 11, 2008. To date, the parties have exchanged Rule 26(a)(1) Disclosures and initiated written discovery, and Defendant has responded to Plaintiff's discovery requests. To date, no depositions have been conducted in this

matter.

4. Subsequent to the filing of the Complaint in this matter, Plaintiffs' counsel was retained by another Hispanic individual of Mexican descent, Christian Arroyo, who worked at the same facility as Plaintiffs. On May 9, 2008, Christian Arroyo filed a Complaint against Defendant (the same entity as in this matter), alleging that he was subjected to a retaliatory discharge, in violation of 42 U.S.C. § 1981. Christian Arroyo's Complaint was amended on June 2, 2008 to incorporate a claim of retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (A copy of the Christian Arroyo First Amended Complaint is attached hereto as Ex. B.)

5. In the Christian Arroyo case pending before Judge Der-Yeghiayan, Defendant answered the Complaint on June 20, 2008. To date, no depositions have been conducted in the Christian Arroyo matter. The same counsel in this case represents Defendant in the Christian Arroyo matter.

6. Pursuant to Local Rule 40.4, a case may be reassigned when the Court determines that it is related to an earlier-numbered case and each of the following criteria has been met: (1) both cases are pending in the Northern District of Illinois; (2) "the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;" (3) "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially;" and (4) "the cases are susceptible of disposition in a single proceeding." N.D. Ill. R. 40.4(b).

7. A finding of relatedness of two (2) civil cases will be met if the cases "involve some of the same issues of law or fact" or if the cases "grow out of the same transaction or occurrence." N.D. Ill. R. 40.4(a). When interpreting this second standard, courts in this circuit have routinely held

that a systematic allowance of a racially hostile work environment satisfies the same transaction requirement.  See Hawkins v. Groot Indus., Inc., 210 F.R.D. 226, 230 (N.D. Ill. 2002); Smith v. Northeastern Ill. Univ., No. 98 C 3555, 2002 U.S. Dist. LEXIS 3883, at *8-9 (N.D. Ill. Feb. 28, 2002) (attached as Ex. C).

8. When determining whether a higher-numbered case is related to a previously filed matter, this Court need only determine whether there are some of the same issues of fact or law, which remains a lower standard than the requirements of joinder under Rule 20(a).  See Smith, 2002 U.S. Dist. LEXIS 3883, at *5.

9. The acts alleged in both this case and the Christian Arroyo matter all occurred at the same facility of Defendant.

10. Both this case and Christian Arroyo's case involve the same issues of fact, as Defendant's discriminatory treatment towards Hispanic employees remains a central issue in both cases.  See Smith, 2002 U.S. Dist. LEXIS 3883, at *7 (finding common issues of fact concerning racially discriminatory environment).  In addition, the issues of law concerning race discrimination and retaliation remain the same in both lawsuits, as all of the Plaintiffs present allegations that they were subjected to racially disparate work conditions compared to similarly situated Caucasian employees and that they reported this treatment to Defendant's managerial employees, resulting in the termination of their employment in violation of 42 U.S.C. § 1981 and Title VII. (See Ex. A, 1st Am. Compl. ¶¶15-24; Ex. B, 1st Am. Compl. ¶¶12-24.)  Some of the specific types of disparate treatment includes the following:

    a. Substantially greater compensation and other benefits for Caucasian employees, despite Plaintiffs performing the same or similar duties, including higher hourly wages, overtime benefits, insurance, and paid holidays. (Ex.

3

A, 1st Am. Compl. ¶¶15-16; Ex. B, 1st Am. Compl. ¶¶12-13.)

    b.    Providing Caucasian employees far greater safety equipment and conditions than Plaintiffs and other Hispanic employees. (Ex. A, 1st Am. Compl. ¶¶17-20; Ex. B, 1st Am. Compl. ¶¶14-17.)

11.    Both cases also arise out of the same transaction or occurrence, due to the allegations of a racially discriminatory work environment by all Plaintiffs towards Hispanic employees and retaliation for Plaintiffs' protected activity. (Ex. A, 1st Am. Compl. ¶¶10-27, 47-53; Ex. B, 1st Am. Compl. ¶¶8-27.)

12.    The same supervisory and managerial personnel are involved in both cases, including Dave Zenere, Defendant's owner; Jeff Greco, Vice President; and Eric Shields, General Supervisor. (Ex. A, 1st Am. Compl. ¶¶13, 21; Ex. B, 1st Am. Compl. ¶¶10, 18.) The cases against Defendant for the alleged misconduct at Plaintiffs' facility will be more efficiently handled before this Court in one proceeding, thus preserving judicial resources. See Freeman v. Bogusiewicz, No. 03 C 2908, 2004 U.S. Dist. LEXIS 15723, at *7 (N.D. Ill. Aug. 10, 2004) (attached as Ex. D). At this early stage of discovery, neither case has progressed to the point where Plaintiffs' case will be delayed by reassigning the Christian Arroyo matter.

13.    Once two cases have been determined to be related, the cases may be reassigned if certain criteria are met:

> A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:
>
> (1) both cases are pending in this Court;
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case

4

substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b)

14. The four requirements for reassignment set forth in Local Rule 40.4(b) are satisfied in this case.

15. Both actions are pending in this Court.

16. Because the actions filed by the Plaintiffs are currently pending before separate judges in this Court, the handling of both actions by one judge would save valuable judicial resources and substantial litigation costs by all parties. See Freeman, 2004 U.S. Dist. LEXIS 15723, at *6.

17. Both actions are in the early stages of the litigation.

18. The cases are susceptible of disposition in a single proceeding as they arise from the same core set of facts and raise causes of action under the same statutes. See Freeman, 2004 U.S. Dist. LEXIS 15723, at *6-7 (stating that the mere fact that one case contains additional counts does not preclude two cases from being disposed of in a single proceeding).

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter a reassigning of a related matter, *Christian Arroyo v. Z-Force Transportation (Case No. 08 CV 2689)*, to this case, or for such other relief necessary and proper in the public interest.

          Respectfully submitted,
          RAUL ARROYO, SR. and
          RAUL ARROYO, JR., Plaintiffs,


By s/Lisa Kane
    Lisa Kane, Attorney for Plaintiffs


LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiffs
120 South LaSalle Street, Suite 1420
Chicago, IL 60603
(312) 606-0383
Attorney Code No. 06203093

6