IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RAUL ARROYO, SR. and RAUL ARROYO, JR.,**<br>    Plaintiffs,<br>v.<br><br>**Z FORCE TRANSPORTATION, INC.,**<br>    Defendant. | No. 08 CV 1252<br><br>Hon. Milton I. Shadur<br>Judge Presiding<br><br>Magistrate J. Denlow<br><br>**Jury Trial Requested** |

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiffs, RAUL ARROYO, SR. and RAUL ARROYO, JR., by their counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, Z FORCE TRANSPORTATION, INC., states as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiffs by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiffs seek mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, RAUL ARROYO, SR., is a male resident of Illinois, of Mexican national origin and ancestry, who bears Hispanic ethnic characteristics.

5. Plaintiff, RAUL ARROYO, JR., is a male resident of Illinois, of Mexican national origin and ancestry, who bears Hispanic ethnic characteristics.

6. Defendant, Z FORCE TRANSPORTATION, INC., is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000e(b).

## PROCEDURE

7. Plaintiff RAUL ARROYO, SR. ("ARROYO SR") filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 22, 2008. The EEOC issued Plaintiff ARROYO SR a Notice of Right to Sue on February 29, 2008, which Plaintiff ARROYO SR received on March 3, 2008. The Notice of Right to Sue entitles Plaintiff ARROYO SR to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff ARROYO SR has initiated this action within said ninety (90) day period.

8. Plaintiff RAUL ARROYO, JR. ("ARROYO JR") filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 22, 2008. The EEOC issued Plaintiff ARROYO JR a Notice of Right to Sue on February 29, 2008, which Plaintiff ARROYO JR received on March 3, 2008. The Notice of Right to Sue entitles Plaintiff ARROYO JR to initiate a civil action in the appropriate forum within ninety (90) days of

the receipt of said Notice. Plaintiff ARROYO JR has initiated this action within said ninety (90) day period.

## COUNT I – 42 U.S.C. § 1981- RACE DISCRIMINATION

9. Paragraphs one (1) through eight (8) are incorporated by reference as if fully set out herein.

10. Plaintiffs bear the racial characteristics of Hispanic individuals and/or are generally perceived to have such characteristics.

11. Plaintiff RAUL ARROYO, SR. ("ARROYO SR") began working for Defendant in September 2006 as the Supervisor for Welders and Mechanics. Throughout the entirety of his employment with Defendant, Plaintiff ARROYO SR has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, his merit-based raise and complements from management.

12. Plaintiff RAUL ARROYO, JR. ("ARROYO JR") began working for Defendant in August 2006 as a Truck Washer and was subsequently promoted to the position of Welder. Throughout the entirety of his employment with Defendant, Plaintiff ARROYO JR has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, his merit-based raises and promotion.

13. Since the inception of their employment, Defendant's owner, Dave Zenere, and managerial employees, including Jeff, Vice President, and Eric Shields, General Supervisor, have created a hostile work environment for Plaintiffs and other Hispanic employees at their location resulting in a deterioration of the terms and conditions of Plaintiffs' employment as compared to their Caucasian co-workers.

14. Defendant's owner and managerial employees have used and permitted the use by

3

Caucasian hourly employees of racially hostile and offensive language, including referring to Plaintiffs and other Hispanic employees as "f[]n Mexicans", "lazy Mexicans", or "spics".

15. Throughout their employment, Defendant has provided Plaintiffs' similarly-situated Caucasian co-workers, including but not limited to Glenn Osborne, Larry Dodson, Bruce Jechort, Randy Zemola, and Wayne Good substantially greater compensation and other benefits, despite Plaintiffs performing the same or similar duties.

16. The greater compensation and benefits Defendant provides to its Caucasian employees includes, but is not limited to:

    a. an hourly wage that is substantially higher for Plaintiffs' similarly-situated Caucasian co-workers;

    b. overtime benefits. While Defendant provides its Caucasian workforce overtime compensation at one-hundred and fifty (150) percent of their normal hourly rate, Defendant only compensates Plaintiffs and the other Hispanic employees their regular hourly rates for overtime duty;

    c. other employee benefits, including insurance and paid holidays.

17. In addition, Defendant provides Plaintiffs' similarly-situated Caucasian co-workers far greater safety equipment and conditions.

18. Defendant outfits its Caucasian workforce with proper safety equipment, including safety gloves, ear plugs, heating, and proper ventilation.

19. In contrast, Defendant has denied Plaintiffs and other Hispanic employees these proper workplace equipment and conditions. As a result, Plaintiffs frequently have faced significant risks in performing their day-to-day activities and on several occasions have become injured, such as receiving serious burns.

20. Defendant has granted Plaintiffs' Caucasian co-workers control of the ventilating fans, which disperse harmful gases away from Plaintiffs while welding and performing other duties. These Caucasian employees have often abused this authority by turning off the ventilating fans, causing Plaintiffs and other Hispanic employees to inhale harmful fumes.

21. Since shortly after beginning their employment, Plaintiffs placed complaints regarding the disparate treatment and work conditions afforded to Hispanic employees to Defendant's managerial employees, including Dave Zenere, Owner, Jeff, Vice President, and Eric Shields, General Supervisor.

22. In addition to their own reports, Plaintiffs translated complaints of disparate treatment from their Hispanic non-English speaking co-workers to Defendant's owner and managerial employees.

23. Despite their numerous complaints, Defendant took no substantive action to address Plaintiffs' reports and the disparate work environment continued unabated.

24. Rather than address their complaints, on December 22, 2007, shortly following additional complaints of disparate treatment, Defendant's owner, Dave Zenere, terminated Plaintiffs' employment immediately without cause, reason, or explanation.

25. While Defendant terminated Plaintiffs, Defendant did not terminate the employment of their similarly situated Caucasian co-workers, despite their substantially poorer performance in comparison to Plaintiffs.

26. Any reasons proffered by Defendant for terminating Plaintiffs' employment are pretext for discriminating against Plaintiffs because of their race, Hispanic.

27. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiffs on the basis of their race, Hispanic, by subjecting them to a racially

discriminatory work environment and have deprived Plaintiffs of the enjoyment of all benefits, privileges, terms and conditions of their employment in violation of 42 U.S.C. § 1981.

28. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiffs have suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, RAUL ARROYO, SR. and RAUL ARROYO, JR., pray for judgment against Defendant and respectfully request that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiffs under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole RAUL ARROYO, SR. and RAUL ARROYO, JR. by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiffs actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to RAUL ARROYO, SR. and RAUL ARROYO, JR.;

F. Grant Plaintiffs their attorney's fees, costs, disbursements; and

G. Grant Plaintiffs such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – TITLE VII - NATIONAL ORIGIN DISCRIMINATION

29. Paragraphs one (1) through twelve (12) are incorporated by reference as if fully set out herein.

30. Since the inception of their employment, Defendant's owner, Dave Zenere, and managerial employees, including Jeff, Vice President, and Eric Shields, General Supervisor, have created a hostile work environment for Plaintiffs and other Mexican employees at their location resulting in a deterioration of the terms and conditions of Plaintiffs' employment as compared to their non-Mexican co-workers.

31. Defendant's owner and managerial employees have used and permitted the use by non-Mexican hourly employees of racially hostile and offensive language, including referring to Plaintiffs and other Mexican employees as "f[]n Mexicans", "lazy Mexicans", or "spics".

32. Throughout their employment, Defendant has provided Plaintiffs' similarly-situated non-Mexican co-workers, including but not limited to Glenn Osborne, Larry Dodson, Bruce Jechort, Randy Zemola, and Wayne Good substantially greater compensation and other benefits, despite Plaintiffs performing the same or similar duties.

33. The greater compensation and benefits Defendant provides to its non-Mexican employees includes, but is not limited to:

    a. an hourly wage that is substantially higher for Plaintiffs' similarly-situated non-Mexican co-workers;

    b. overtime benefits. While Defendant provides its non-Mexican workforce overtime compensation at one-hundred and fifty (150) percent of their normal hourly rate, Defendant only compensates Plaintiffs and the other Mexican employees their regular hourly rates for overtime duty;

   c. other employee benefits, including insurance and paid holidays.

 34. In addition, Defendant provides Plaintiffs' similarly-situated non-Mexican co-workers far greater safety equipment and conditions.

 35. Defendant outfits its non-Mexican workforce with proper safety equipment, including safety gloves, ear plugs, heating, and proper ventilation.

 36. In contrast, Defendant has denied Plaintiffs and other Mexican employees these proper workplace equipment and conditions. As a result, Plaintiffs frequently have faced significant risks in performing their day-to-day activities and on several occasions have become injured, such as receiving serious burns.

 37. Defendant has granted Plaintiffs' non-Mexican co-workers control of the ventilating fans, which disperse harmful gases away from Plaintiffs while welding and performing other duties. These non-Mexican employees have often abused this authority by turning off the ventilating fans, causing Plaintiffs and other Mexican employees to inhale harmful fumes.

 38. Since shortly after beginning their employment, Plaintiffs placed complaints regarding the disparate treatment and work conditions afforded to Mexican employees to Defendant's managerial employees, including Dave Zenere, Owner, Jeff, Vice President, and Eric Shields, General Supervisor.

 39. In addition to their own reports, Plaintiffs translated complaints of disparate treatment from their Mexican non-English speaking co-workers to Defendant's owner and managerial employees.

 40. Despite their numerous complaints, Defendant took no substantive action to address Plaintiffs' reports and the disparate work environment continued unabated.

 41. Rather than address their complaints, on December 22, 2007, shortly following

8

additional complaints of disparate treatment, Defendant's owner, Dave Zenere, terminated Plaintiffs' employment immediately without cause, reason, or explanation.

42. While Defendant terminated Plaintiffs, Defendant did not terminate the employment of their similarly situated non-Mexican co-workers, despite their substantially poorer performance in comparison to Plaintiffs.

43. Any reasons proffered by Defendant for terminating Plaintiffs' employment are pretext for discriminating against Plaintiffs because of their national origin, Mexican.

44. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiffs on the basis of their national origin, Mexican, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

45. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiffs have suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, RAUL ARROYO, SR. and RAUL ARROYO, JR., pray for judgment against Defendant and respectfully request that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiffs under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of national origin;

C. Order Defendant to make whole RAUL ARROYO, SR. and RAUL ARROYO, JR. by providing the affirmative relief necessary to eradicate the effects of Defendant's

unlawful practices;

D. Grant Plaintiffs actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to RAUL ARROYO, SR. and RAUL ARROYO, JR.;

F. Grant Plaintiffs their attorney's fees, costs, disbursements; and

G. Grant Plaintiffs such further relief as the Court deems necessary and proper in the public interest.

## COUNT III – 42 U.S.C. § 1981 - RETALIATION

46. Paragraphs one (1) through twenty (20) are incorporated by reference as if fully set out herein.

47. Since shortly after beginning their employment, Plaintiffs placed complaints regarding the disparate treatment and work conditions afforded to Hispanic employees to Defendant's managerial employees, including Dave Zenere, Owner, Jeff, Vice President, and Eric Shields, General Supervisor.

48. In addition to their own reports, Plaintiffs translated complaints of disparate treatment from their Hispanic non-English speaking co-workers to Defendant's owner and managerial employees.

49. Plaintiffs engaged in protected conduct under 42 U.S.C. § 1981 based on their opposition to and reporting of Defendant's discriminatory conduct.

50. Despite their numerous complaints, Defendant took no substantive action to address Plaintiffs' reports and the disparate work environment continued unabated.

51. Rather than address their complaints, on December 22, 2007, shortly following

10

additional complaints of disparate treatment, Defendant's owner, Dave Zenere, terminated Plaintiffs' employment immediately without cause, reason, or explanation.

52. On information and belief, similarly situated employees who did not engage in protected activity were not subjected to the adverse actions directed against Plaintiffs.

53. Any reasons proffered by Defendant for terminating Plaintiffs' employment are pretext for retaliating against Plaintiffs because of their complaints of racial discrimination.

54. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiffs based on their opposition to the creation of a discriminatory work environment and have deprived Plaintiffs of the enjoyment of all benefits, privileges, terms and conditions of their employment in violation of 42 U.S.C. § 1981.

55. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiffs have suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, RAUL ARROYO, SR. and RAUL ARROYO, JR., pray for judgment against Defendant and respectfully request that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiffs under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole RAUL ARROYO, SR. and RAUL ARROYO, JR.

    by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to RAUL ARROYO, SR. and RAUL ARROYO, JR.;

E. Grant Plaintiffs actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F. Grant Plaintiffs their attorney fees, costs, disbursements; and

G. Grant Plaintiffs such further relief as the Court deems necessary and proper in the public interest.

## COUNT IV – TITLE VII - RETALIATION

56. Paragraphs one (1) through twelve (12) and thirty (30) through thirty-seven (37) are incorporated by reference as if fully set out herein.

57. Since shortly after beginning their employment, Plaintiffs placed complaints regarding the disparate treatment and work conditions afforded to Mexican employees to Defendant's managerial employees, including Dave Zenere, Owner, Jeff, Vice President, and Eric Shields, General Supervisor.

58. In addition to their own reports, Plaintiffs translated complaints of disparate treatment from their Mexican non-English speaking co-workers to Defendant's owner and managerial employees.

59. Plaintiffs engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on their opposition to and reporting of Defendant's discriminatory conduct.

60. Despite their numerous complaints, Defendant took no substantive action to address

Plaintiffs' reports and the disparate work environment continued unabated.

61. Rather than address their complaints, on December 22, 2007, shortly following additional complaints of disparate treatment, Defendant's owner, Dave Zenere, terminated Plaintiffs' employment immediately without cause, reason, or explanation.

62. On information and belief, similarly situated employees who did not engage in protected activity were not subjected to the adverse actions directed against Plaintiffs.

63. Any reasons proffered by Defendant for terminating Plaintiffs' employment are pretext for retaliating against Plaintiffs because of their complaints of national origin discrimination.

64. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiffs based on their opposition to the creation of a discriminatory work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

65. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiffs have suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, RAUL ARROYO, SR. and RAUL ARROYO, JR., pray for judgment against Defendant and respectfully request that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiffs under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole RAUL ARROYO, SR. and RAUL ARROYO, JR. by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to RAUL ARROYO, SR. and RAUL ARROYO, JR.;

E. Grant Plaintiffs actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F. Grant Plaintiffs their attorney fees, costs, disbursements; and

G. Grant Plaintiffs such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

66. Plaintiffs request a jury trial on all issues of fact and law raised by the allegations in this complaint.

> Respectfully submitted,
> RAUL ARROYO, SR. and RAUL ARROYO, JR., Plaintiffs,
>
> By: s/Lisa Kane
>      Lisa Kane, Attorney for Plaintiffs

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiffs
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093