2002 U.S. Dist. LEXIS 3883, *

RANDY SMITH, VICTORIA GUERRERO and ANN WEAVER, Plaintiffs, v. NORTHEASTERN ILLINOIS UNIVERSITY, GERALD LEENHEER and KEVIN CONNOLLY, Defendants.

Case No. 98 C 3555

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2002 U.S. Dist. LEXIS 3883

February 28, 2002, Decided

**DISPOSITION:** [*1] Defendants' motion to server or for separate trials denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant employer filed a motion to sever the claims or, alternatively, to order separate trials, in plaintiff employees' causes of action alleging racial discrimination and retaliation.

**OVERVIEW:** Three employees filed a cause of action against the employer, alleging racial discrimination and retaliation in violation of *42 U.S.C.S. §§ 2000e*, *1981*, and *1983*. Two other employees filed a cause of action in a different court against the employer raising identical claims. The court found that the two cases were related. The latter case was reassigned to the court. The employer filed a motion to sever each of the employee's claims or, in the alternative, to order separate trials. The court denied the motion. The court first considered whether the cases should be severed into four separate actions, with the assumption that they had already been joined. The court found that the time periods for each employee were similar, the type of discrimination alleged was very similar, the same supervisors were named, all employees worked in the same department, and the employees were at the same geographical location. The court held that each employee alleged discrimination claims that arose out of the same transaction or occurrence, a widely held policy of discrimination, and a hostile work environment. The employer's motion to sever was denied, and the cases were consolidated.

**OUTCOME:** The court denied the employer's motion to sever the employees' causes of action, or for separate trials. Furthermore, the court consolidated the two causes of action.

**LexisNexis(R) Headnotes**

*Civil Procedure > Parties > Joinder > Misjoinder*
*Civil Procedure > Parties > Joinder > Permissive Joinder*
[HN1] *Fed. R. Civ. P. 20(a)* allows permissive joinder of plaintiffs if they assert claims arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all those persons will arise in the action. *Fed. R. Civ. P. 21* authorizes the court to dismiss any misjoined party or claim at any stage of a lawsuit. Misjoinder occurs when parties fail to satisfy either of the two requirements set forth in *Fed. R. Civ. P. 20(a)*. First, there must be a right to relief arising out of the same transaction or occurrence, or series of transaction or occurrences. Second, there must be a question of law or fact common to all the plaintiffs.

*Civil Procedure > Parties > Joinder > Permissive Joinder*
*Civil Procedure > Joinder of Claims & Remedies > Claims*
*Civil Procedure > Joinder of Claims & Remedies > Remedies*
[HN2] Federal policy favors joinder, as the purpose of *Fed. R. Civ. P. 20* is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged. The district court has wide discretion when deciding whether joinder of parties is proper.

*Civil Procedure > Parties > Joinder > Permissive Joinder*

[HN3] In determining whether a particular factual situation constitutes a single transaction or occurrence, courts employ a case-by-case approach. Courts consider several different factors when considering whether discrimination claims arise from the same transaction or occurrence. These include the time period during which the alleged acts occurred, whether the acts of discrimination are related, whether there were differing types of adverse employment actions, whether more than one type of discrimination is alleged, whether the same supervisors were involved, whether employees worked in the same department, whether employees were at different geographical locations, and whether a company-wide policy is alleged.

*Civil Procedure > Parties > Joinder > Permissive Joinder*
*Civil Procedure > Pretrial Matters > Separate Trials*
[HN4] *Fed. R. Civ. P. 42(b)* provides that the court may order a separate trial of any claim or issue in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. As with determinations under *Fed. R. Civ. P. 20(a)*, the court has broad discretion to decide whether all of the plaintiffs' cases should be tried separately. The trial court must balance the probable savings of time and effort against the likelihood that a party might be prejudiced, inconvenienced or put to extra expense.

*Civil Procedure > Pretrial Matters > Consolidation of Actions*
[HN5] *Fed. R. Civ. P. 42(a)* states that when actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays. It is within the court's discretionary power to order consolidation, sua sponte, even if all parties object, if a joint trial would avoid unnecessary costs and delay.

**COUNSEL:** For RANDY SMITH, VICTORIA GUERRERO, ANN WEAVER, plaintiffs: Armand L. Andry, Law Offices of Armand L. Andry, Oak Park, IL.

**JUDGES:** JOAN B. GOTTSCHALL, United States District Judge.

**OPINION BY:** JOAN B. GOTTSCHALL

**OPINION**

**ORDER**

Plaintiffs Randy Smith, Victoria Guerrero, and Ann Weaver filed case number *98 C 3555* in this court against defendants Northeastern Illinois University ("NEIU"), Gerald Leenheer, and Kevin Connolly, alleging race discrimination and retaliation in violation of Title VII, *42 U.S.C. § 2000e*; *42 U.S.C. § 1981*; and *42 U.S.C. § 1983*. Plaintiff Elbert Lee Reeves filed case number *98 C 5580* in a different court against the same defendants raising identical claims. On February 16, 1999, on defendants' unopposed motion, this court found the two cases related. Reeves's case was subsequently reassigned to this court pursuant to Local General Rule 40.4. Defendants now move this court to sever each plaintiff's claims or, alternatively, to order separate trials. For the reasons set forth below, the court denies the motion.

**Discussion**

[*2] Defendants argue that the four plaintiffs' cases were improperly joined and must be severed under *Federal Rule of Civil Procedure 21*. In the alternative, defendants argue that there is sufficient reason to sever each plaintiff's case under *Rule 42(b)*. Essentially, defendants ask this court to require four separate trials. Plaintiffs respond by pointing to the court's February 16, 1999 ruling that the two separate actions involved are related.

It must be noted at the outset that, contrary to the parties' assumptions, the four plaintiffs' cases have *not* been joined. Rather, there exist two separate cases: case number *98 C 3555*, brought by plaintiffs Smith, Guerrero, and Weaver; and case number *98 C 5580*, brought by plaintiff Reeves. So far, the court has only decided that the two cases are related and that Reeves's action should be reassigned to this court. For purposes of the discussion below, however, the court will first consider defendants' arguments that the cases should be severed into four separate actions, with the assumption that they have already been joined. Then the court will consider sua sponte whether it should consolidate the two case numbers into one, for future [*3] decisions and for trial purposes, pursuant to *Rule 42(a)*.

**I. Misjoinder**

[HN1] *Rule 20(a)* allows permissive joinder of plaintiffs if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all those persons will arise in the action." *Rule 21* authorizes the court to dismiss any misjoined party or claim at any stage of a lawsuit. Misjoinder occurs when parties fail to satisfy either of the two requirements set forth in *Rule 20(a)*. See *Bailey v. N. Trust Co., 196 F.R.D. 513, 515 (N.D. Ill. 2000)*. First, there must be a right to relief arising out of the same transaction or occurrence, or series of transaction or occurrences. Second, there must be a question of law or fact common to all the plaintiffs. *See id.*

[HN2] Federal policy favors joinder, as the purpose of *Rule 20* is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies [*4] is strongly encouraged." *United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966).* The district court has wide discretion when deciding whether joinder of parties is proper. *Gorence v. Eagle Food Ctrs., Inc., 1996 U.S. Dist. LEXIS 18806*, No. 93 C 4862, 1996 WL 734955 (N.D. Ill. Dec. 19, 1996).

A. Same Transaction or Occurrence

[HN3] In determining whether a particular factual situation constitutes a single transaction or occurrence, courts employ a case-by-case approach. *Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)*; *Bailey, 196 F.R.D. at 515*. Courts have considered several different factors when considering whether discrimination claims arise from the same transaction or occurrence. These include:

> the time period during which the alleged acts occurred, whether the acts of discrimination are related, whether there were differing types of adverse employment actions, whether more than one type of discrimination is alleged, whether the same supervisors were involved, whether employees worked in the same department, whether employees were at different geographical locations, and [*5] whether a company-wide policy is alleged.

*Berry v. Illinois Dept. of Human Servs., 2001 U.S. Dist. LEXIS 1041*, No. 00 C 5538, 2001 WL 111035, at *17 (N.D. Ill. Feb. 2, 2001).

Defendants argue that plaintiffs' cases arise under four different and unrelated factual scenarios. In response, plaintiffs point to the court's previous ruling that the two actions involved are related. This argument is a good one, but only with respect to the *second* requirement in *Rule 20(a)*, requiring the same issues of fact or law. The court's earlier ruling that the cases are related was based only on this factor, which is all that is required by Local Rule 40.4.[1] The court will discuss this second requirement below. Otherwise, however, plaintiffs have provided no argument to satisfy the first requirement: that their claims arise from the same transaction or occurrence. The court must determine, for the first time, whether the plaintiffs' claims meet the first requirement of *Rule 20(a)*.

---

1  Specifically, Local Rule 40.4(a) provides:

> Two or more civil cases may be related if one or more of the following conditions are met:
>
> (1) the cases involve the same property;
>
> (2) the cases involve some of the same issues of fact or law;
>
> (3) the cases grow out of the same transaction or occurrence; or
>
> (4) in class action suits, one or more of the classes involved in the cases is or are of the same.

[*6] Application of the numerous factors favors joinder in these cases. First, the time periods during which the alleged acts occurred are quite similar for each plaintiff, with the majority of each plaintiff's allegations occurring during 1996 and 1997. Next, the type of discrimination alleged is very similar. Smith, Weaver, and Reeves allege identical claims: hostile work environment, intentional discrimination, and retaliation pursuant to both Title VII and *§ 1981*, as well as *First Amendment* violations under *§ 1983*. Guerrero alleges the same retaliation and *First Amendment* claims, but does not allege a hostile work environment claim. Furthermore, in each complaint, the same supervisors (Connolly and Leenheer) are named as defendants, the employees worked in the same Public Safety Department ("PSD"), and the employees were at the same geographical location.

Next, the acts of discrimination, while different, have enough similarities that this factor also weighs against severance. This court addressed some of these issues when it denied defendants' motion to dismiss the complaint of Smith, Weaver, and Guerrero on September 13, 1999. With respect to Counts I and II, in the court's memorandum [*7] opinion and order, it noted several allegations of a hostile work environment common to plaintiffs Smith and Weaver. *Smith v. NEIU*, No. 98 C

Case 1:08-cv-01252    Document 25-4    Filed 06/20/2008    Page 4 of 6

Page 4
2002 U.S. Dist. LEXIS 3883, *

3555 (N.D. Ill. Sept. 13, 1999) (Mem. Op. & Order of 9/13/99) ("*Smith*"). The allegations include:

> 1) African-American employees were routinely disciplined for conduct that went undisciplined when engaged in by other employees; 2) African-American officers routinely received poorer evaluations than white officers; 3) racially derogatory jokes and stories were persistently told on the third watch[;] 4) Leenheer routinely conducted criminal checks on and made complaints about black students supervised by Weaver; and 5) Leenheer repeatedly referred to black officers and at least one white officer who associated with them as "motherfuckers."

Id at 7. In holding that plaintiffs Smith and Weaver adequately alleged a hostile working environment, the court observed that "the entire tenor of the complaint is that Connolly and Leenheer-though admittedly Leenheer more often than Connolly-purposely attempted to make life at NEIU's PSD worse not for everyone but rather for African-Americans like Smith and Weaver." Id at 9. [*8] The same holds true with respect to plaintiff Reeves, who alleged nearly identical facts in his separate complaint.[2] Furthermore, considering the "adverse actions" factor, "although plaintiffs's [sic] complaint does not reference typical 'adverse actions' such as discriminatory hiring, promotion, or discharge, it clearly alleges hostile work environment." Id. at 10.

> 2 Plaintiff Guerrero did not allege a hostile work environment claim. However, as discussed below, Guerrero's retaliation claim arises from her complaints about the hostile work environment. Specifically, her retaliation claim involves her corroboration of complaints by Smith, Weaver, and Reeves. This satisfies the court that her claims should not be severed.

The allegations of a hostile work environment are tantamount to allegations that there was a widely held policy of discrimination at the PSD. This constitutes a single transaction. *Ramirez v. Bravo's Holding Co.,* 1994 U.S. Dist. LEXIS 18668, No. 94-2396, 1994 WL 719215, at *1 (D. Kan. Dec. 23, 1994) [*9] (determining that plaintiffs, who were employees at a restaurant, alleged individual claims that together constituted a sexually hostile work environment claim and therefore satisfied *Rule 20(a)*); *Streeter v. Joint Indus. Bd. of the Elec. Indus.,* 767 F. Supp. 520, 529 (S.D.N.Y. 1991) (holding that plaintiffs' claims of a hostile work environment due to discriminatory treatment constituted a single transaction); see also *Best v. Orner & Wasserman,* 1993 U.S. Dist. LEXIS 10261, Nos. 92 C 6477, 93 C 2875, 1993 WL 284145 (N.D. Ill. July 27, 1993) (holding that the "same transaction or occurrence" condition was met to find relatedness of two cases where plaintiffs alleged a hostile work environment at a law firm, even though their periods of employment did not overlap); *cf. Yaba v. Roosevelt,* 961 F. Supp. 611, 622 (S.D.N.Y. 1997) (holding that the plaintiff's additional claims of harassment were insufficient to defeat res judicata because an allegation of a hostile work environment, by its nature, included any claims of an on-going pattern of conduct, and regardless of separate pleadings the plaintiff's claims involved a single transaction).

With respect to Count III, [*10] discriminatory retaliation, the factual situations differ to a greater extent. Smith alleges numerous retaliatory actions after he filed three charges with the EEOC as well as one or more complaints with NEIU's Affirmative Action section. These include "a ten-day suspension in December 1997; a bizarre anonymous memo delivered to him on August 25, 1997; and at least two efforts, one occurring in the summer of 1997, to get others to file (presumably false) complaints about him." *Smith* at *12. This court held that at least the ten-day suspension qualified as an allegation of retaliation. *Id.* Weaver alleges that defendant Leenheer harassed her and tried to get an employee to provide unfavorable information about her; she also alleges the existence of a continuing, perhaps even worsening, hostile work environment. Guerrero alleges that she was harassed by Leenheer and other officers after she corroborated the affirmative action complaints of Smith, Weaver, and Reeves and also alleges that defendant Connolly attempted to impede her performance. Finally, Reeves alleges a hostile work environment generally, and also alleges that after his discrimination complaints he was told that [*11] he would be made to endure an unwanted training program for four extra weeks. Furthermore, he alleges that Connolly recommended that Reeves be served with a notice of intent to seek termination based on false charges against him.

Although these allegations are factually distinct, they arise as a result of plaintiffs' complaints of a hostile work environment. Additionally, the August 1997 anonymous memo was delivered not only to Smith but also to Weaver and Reeves. Finally, Guerrero, the only plaintiff not involved in the hostile work environment claim, alleges retaliation resulting from her earlier complaints about the hostile work environment (specifically about Smith, Weaver, and Reeves). The *First Amendment* claims found in Count IV of each complaint are equally intermingled. Therefore, the court holds that each plaintiff alleges discrimination claims that arise out of the same transaction or occurrence.

B. Common Questions of Law or Fact

In their January 4, 1999 motion to find the two cases

Case 1:08-cv-01252   Document 25-4   Filed 06/20/2008   Page 5 of 6

Page 5
2002 U.S. Dist. LEXIS 3883, *

related, defendants listed the following as common issues of fact and law:

>  a) The allegedly hostile work environment towards black employees in the Public Safety Department [*12] of NEIU;
>
>  b) Whether Defendants Leenheer and Connolly repeatedly harassed and threatened black employees;
>
>  c) Whether the allegedly hostile acts toward black employees constituted a "hostile work environment" in violation of *42 U.S.C. § 2000e et seq.*;
>
>  d) Whether the Defendants' alleged conduct constitutes race discrimination in violation of *42 U.S.C. § 1981*;
>
>  e) Whether the Defendants' alleged conduct constituted retaliation or reprisal in violation of either *42 U.S.C. § 1981* or *§ 2000e et seq.*;
>
>  f) Whether the Defendants' alleged conduct denied the Plaintiffs their rights of freedom of expression, thereby violating *42 U.S.C. § 1983* and the *First Amendment of the U.S. Constitution.*

(Defs.' Mot. for Reassignment P 5.) Furthermore, defendants argued that "the questions of fact that will have to be determined in order to decide these issues are susceptible for [sic] resolution on a joint basis, particularly because the allegedly hostile work environment will be the primary area of examination." (*Id.* P 6d.) The court agreed with defendants' motion and found [*13] the two cases related. The court still agrees and therefore holds that there are common questions of both law and fact in each plaintiff's case.

All of the cases on which defendants rely in the context of *Rules 20* and *21* are less than helpful because in none did the plaintiffs allege a hostile work environment discrimination claim. *See Bailey, 196 F.R.D. 513*; *Bennett v. Sch. Dirs. of Dist. 115, 1996 U.S. Dist. LEXIS 12466*, No. 96 C 2422, 1996 WL 495555 (N.D. Ill. Aug. 28, 1996); *Grayson v. K-Mart Corp., 849 F. Supp. 785 (N.D. Ga. 1994)*; *Johnson v. Indopco, Inc., 846 F. Supp. 670 (N.D. Ill. 1994)*. *Grayson* comes closest. In *Grayson*, the court rejected the plaintiffs' argument that there was a common motive within the defendant's organization to engage in age discrimination. *849 F. Supp. at 788*. However, a closer look at that case reveals that the reasons that prompted the court to order separate trials do not exist in this case. In *Grayson*, "[a] joint trial of plaintiffs' claims would have involved eleven different factual situations, eleven sets of work histories, eleven sets of witnesses and testimony, and the laws [*14] of four different states." *Puricelli v. CNA Ins. Co., 185 F.R.D. 139, 143 (N.D.N.Y. 1999)* (distinguishing *Grayson*). In this case, four plaintiffs have filed nearly identical claims, concerning an alleged hostile work environment that existed during a discrete time period at a specific location. Plaintiffs' claims satisfy both requirements of *Rule 20(a)*. Therefore, defendants' motion to sever pursuant to *Rule 21* is denied.

## II. Separate Trials under *Rule 42(b)*

[HN4] *Rule 42(b)* provides that the court may order a separate trial of any claim or issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." *Id.* Defendants argue that this court should order four separate trials of plaintiffs' claims because the failure to do so would result in prejudice against them. As with determinations under *Rule 20(a)*, the court has broad discretion to decide whether all of the plaintiffs' cases should be tried separately. *Bailey, 196 F.R.D. at 518*. "The trial court must balance the probable savings of time and effort against the likelihood that a party might be prejudiced, inconvenienced [*15] or put to extra expense." *Id.* (internal quotations omitted).

Defendants argue that there are four different factual situations regarding employment decisions and work performance. They argue that a single trial would require the fact finder to keep separate each plaintiff's individualized claim. Defendants rely heavily on *Bailey*, in which there were five plaintiffs alleging different discrimination claims. The court held that there was "tremendous danger that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus prejudicing defendant with respect to the other plaintiffs' claims." *Bailey, 196 F.R.D. at 518*. However, in *Bailey* the plaintiffs did not allege a hostile work environment. Therefore, the court had no basis on which to find that the claims were at all related. In contrast, the plaintiffs in this case have alleged a hostile work environment, proof of which will likely include evidence involving multiple plaintiffs. *Lewis v. Triborough Bridge & Tunnel Auth., 2000 U.S. Dist. LEXIS 4982*, No. 97 C 0607, 2000 WL 423517 (S.D.N.Y. Apr. 19, 2000) ("In a hostile workplace case, the trier of fact must examine the totality [*16] of the circumstances, including evidence of harassment directed at employees other than the plaintiff.").

Defendants also rely on *Henderson v. AT&T Corp., 918 F. Supp. 1059 (S.D. Tex. 1996)*, in which at least one plaintiff did allege a hostile work environment. The court, even assuming that there was a pattern or practice of discrimination, nevertheless severed the plaintiffs'

claims. However, it is clear that trying the claims together in *Henderson* would have been much more difficult for a single jury than it would be in the instant case. In *Henderson*, the plaintiffs were "residents of five different cities and four different states who worked in four separate AT&T offices located in three states." *918 F. Supp. at 1061*. In addition, the case involved "five individual Plaintiffs asserting a total of more than twenty claims." *Id.* In this case however, there are four plaintiffs alleging nearly identical claims, each of which revolves around an alleged hostile work environment. Furthermore, all the alleged acts occurred at the same geographical location, during a relatively short time span. Finally, it is clear that much of the evidence will [*17] be used to support the claims of multiple plaintiffs. *See Ramirez, 1994 U.S. Dist. LEXIS 18668, 1994 WL 719215*, at *1 (considering severance of hostile work environment claims, noting that "the trial court would find evidence of some of the incidents admissible upon the claims of both [plaintiffs]"). Separate trials would require a significant amount of overlapping testimony and evidence for each plaintiff's separate case. [3] Therefore, although there will undoubtedly be some prejudice to defendants if a factfinder considers each plaintiff's factual situation, the prejudice is not so substantial that it outweighs the savings of time and effort in having a single trial. [4] *See Lewis, 2000 U.S. Dist. LEXIS 4982, 2000 WL 423517*, at *5 (holding that because plaintiffs alleged a hostile working environment, there was "insufficient prejudice to warrant separate trials").

   3   Although plaintiff Guerrero has not alleged a claim of hostile work environment, her claims involve defendants' retaliation based on her corroboration of complaints made by Smith, Weaver, and Reeves. Therefore, there is a substantial likelihood of overlapping testimony and evidence with respect to Guerrero's claims as well.

[*18]

   4   Of course, even in separate trials, evidence of defendants' misconduct toward *every* plaintiff (or any other employee, for that matter) could be deemed admissible in each trial under *Federal Rule of Evidence 404(b)*, so long as that evidence is not used to prove defendants' action in conformity with the wrongdoing, but is used for some other purpose such as proof of intent. *Fed. R. Evid. 404(b)*. For example, evidence of defendants' racial discrimination of Weaver may be admissible in Smith's separate trial to show that defendants intended to discriminate against Smith. This greatly diminishes any prejudicial effect of a single trial.

### III. Consolidation under *Rule 42(a)*

The court now considers sua sponte whether it should consolidate case numbers *98 C 3555* and *98 C 5580*, for two reasons: to streamline future rulings on motions and to effectuate a joint trial. [HN5] *Rule 42(a)* states: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions [*19] consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays." *Id.* "It is within the court's discretionary power to order consolidation, sua sponte, even if all parties object, if a joint trial would avoid unnecessary costs and delay." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 1993 U.S. Dist. LEXIS 7008*, *Nos. 91 C 6103, 91 C 7362*, 1992 WL 159334, at *6 (N.D. Ill. June 30, 1992) (citing *Midwest Cmty. Council, Inc. v. Chicago Park Dist., 98 F.R.D. 491, 499-500 (N.D. Ill.1983)*). As the court has already determined, case numbers *98 C 3555* and *98 C 5580* arise out of common questions of law and fact. The court has also already concluded that a joint trial would avoid unnecessary costs and would not unduly prejudice defendants. Therefore, the court will consolidate case number *98 C 5580* and case number *98 C 3555*.

### Conclusion

For the foregoing reasons, defendants' motion to sever or for separate trials is denied. Furthermore, the court consolidates case number *98 C 5580* and case number *98 C 3555*.

ENTER:

JOAN B. GOTTSCHALL

United States District Judge

DATED: [*20] February 28, 2002