2004 U.S. Dist. LEXIS 15723, *

**RONDELL FREEMAN ADAM SANDERS, DAVID ANDERSON, RICKY KING, DANIEL HILL and JASON HODGE, Plaintiffs, v. OFFICER STEVEN BOGUSIEWICZ, et al., Defendants.**

No. 03 C 2908

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*2004 U.S. Dist. LEXIS 15723*

August 10, 2004, Decided
August 11, 2004, Docketed

**DISPOSITION:** [*1] Defendants' motion to reassign granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs in the instant action and a plaintiff in another action alleged that on April 17, 2003, during an incident in a parking lot, defendants, a city and police officers, violated their rights protected under *42 U.S.C.S. § 1983*, as well as other rights protected under Illinois state law. All of the defendants in the instant action and all of the defendants in the other action filed a motion to reassign.

**OVERVIEW:** Inasmuch as all parties in both cases were provided sufficient opportunity to file briefs, supplemental briefs, and supporting exhibits with respect to the motion on the questions of relatedness and reassignment, the court found that the motion to reassign based upon relatedness was proper and ready for review. The facts in both complaints were similar and grew out of an incident in a parking lot on April 17, 2003, between several police officers and plaintiffs. Although the other complaint named three more defendants than the instant complaint, all of the named defendants in the instant action were also named defendants in the other action. Each action sought relief under *42 U.S.C.S. § 1983*, as well as a list of similar, if not identical, claims under Illinois state law. Pursuant to U.S. Dist. Ct., N.D. Ill., R. 40.4(a) the two cases were related. The handling of both cases by one judge would have saved valuable judicial resources as well as substantial litigation costs. The fact that each complaint alleged a separate incident of misconduct or that the other complaint contained additional counts, did not preclude the two cases from being disposed of in a single proceeding.

**OUTCOME:** The motion to reassign was granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Venue > Multidistrict Litigation*
[HN1] See U.S. Dist. Ct., N.D. Ill., R. 40.4(c).

*Civil Procedure > Venue > Multidistrict Litigation*
*Civil Procedure > Pleading & Practice > Pleadings > Answers*
[HN2] U.S. Dist. Ct., N.D. Ill., R. 40.4(c) does not explicitly require that a motion for relatedness and reassignment be made only after a party answers or otherwise pleads, but rather the rule provides that such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved.

*Civil Procedure > Venue > Multidistrict Litigation*
[HN3] See U.S. Dist. Ct., N.D. Ill., R. 40.4(a).

*Civil Procedure > Venue > Multidistrict Litigation*
[HN4] See U.S. Dist. Ct., N.D. Ill., R. 40.4(b).

**COUNSEL:** For RONDELL FREEMAN, plaintiff: Standish E. Willis, Law Office of Standish E. Willis, Chicago, IL. Teniece Guy, Standish E. Willis Law Offices, Chicago, IL.

For ADAM SANDERS, DAVID ANDERSON, RICKY KING, plaintiffs: Standish E. Willis, Law Office of Standish E. Willis, Chicago, IL.

For CITY OF CHICAGO, a Municipal corporation, defendant: J Ernest Mincy, III, David Andrew Shedd,

Case 1:08-cv-01252   Document 25-5   Filed 06/20/2008   Page 2 of 3

Page 2
2004 U.S. Dist. LEXIS 15723, *

City of Chicago, Department of Law, Chicago, IL. Mara Stacy Georges, Corporation Counsel, Chicago, IL.

**JUDGES:** Samuel Der-Yeghiayan, United States District Judge.

**OPINION BY:** Samuel Der-Yeghiayan

**OPINION**

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on a motion to reassign by all defendants in *Rondell Freeman, et. al. v. Steven Bogusiewicz, et. al,* Case No. 03 C 2908 ("*Freeman*") and all defendants in *Parker v. City of Chicago, et. al.,* Case No. 04 C 2727 ("*Parker*"). For the reasons stated below, we grant the motion.

**BACKGROUND**

*Freeman* was originally filed before this court on April 30, 2004 and on March 11, 2004, plaintiffs were granted leave to file an amended complaint. In *Freeman,* Plaintiffs' Rondell Freeman, [*2] Adam Sanders, David Anderson, Rickey King, Daniel Hill, and Jason Hodge ("*Freeman* Plaintiffs") allege that on April 17, 2003, during an incident in a parking lot in Chicago, the City of Chicago and Chicago police officers Steven Bogusiewicz, Joseph Chmielik, Steven Georgas, Joseph Groh, Daniel Smith, Mark Struke, Martin Tannehill, and Bryan Vander Mey violated their rights protected under *42 U.S.C. § 1983*, as well as other rights protected under Illinois state law. In addition, Plaintiff Adam Sanders alleges that on April 26, 2003, near that same parking lot, his rights were again similarly violated by Chicago police officers from the 18th District.

In *Parker,* presently before District Court Judge Suzanne B. Conlon, Plaintiff Parker alleges that on April 17, 2003, during an incident in a parking lot in Chicago, the City of Chicago and Chicago police officers Steven Bogusiewicz, Joseph Chmielik, Steven Georgas, Joseph Groh, Daniel Smith, Mark Struke, Martin Tannehill, Bryan Vander Mey, Brian O'Shea, John Czarnik, and Donald Wisz violated his rights protected under *42 U.S.C. § 1983*, as well as other rights protected under Illinois [*3] state law. In addition, Plaintiff Antonio Parker ("Plaintiff Parker") alleges that on January 25, 2004, near that same parking lot, his rights were again similarly violated by three unidentified Chicago police officers.

**DISCUSSION**

Plaintiff Parker contends that the motion to reassign based upon relatedness is "premature" because at the time of the filing of this motion the defendants in both proceedings had not answered either complaint. In support of this contention, Plaintiff Parker cites L.R. 40.4(c), which provides in part:

> [HN1] "In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved."

L.R. 40.4(c).

Inasmuch as all parties in both cases have been provided sufficient opportunity to file briefs, supplemental briefs, and supporting exhibits with respect to the motion on the questions of relatedness and reassignment, we will deem the defendants' motion to be proper in the instant action. Moreover, we note that L.R. 40.4(c) [HN2] does not explicitly require [*4] that a motion for relatedness and reassignment be made only after a party answers or otherwise pleads, but rather the rule provides that "...such motions should not *generally* be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." *See* L.R. 40.4(c)(emphasis added). Therefore, this court finds that the motion to reassign based upon relatedness is proper and ready for review.

**Relatedness**

L.R. 40.4(a) provides:

[HN3] "Two or more civil cases may be related if one or more of the following conditions are met:

> (1) the cases involve the same property;
> 
> (2) the cases involve some of the same issues of fact or law;
> 
> (3) the cases grow out of the same transaction or occurrence;
> 
> (4) in class action suits, one or more of the classes involved in the cases is or are of the same."

L.R. 40.4(a).

The facts in both complaints are similar and grow out of an incident in a parking lot in Chicago on April 17, 2003 between several Chicago police officers and the plaintiffs. Essentially, both complaints allege that the plaintiffs were subjected to excessive force and other unlawful conduct by several Chicago police [*5] officers

Case 1:08-cv-01252    Document 25-5    Filed 06/20/2008    Page 3 of 3

Page 3
2004 U.S. Dist. LEXIS 15723, *

in a parking lot. Although the *Parker* complaint names three more defendants than the *Freeman* complaint, the court notes that all of the named defendants in *Freeman* are also named defendants in *Parker*. The court also notes that both *Freeman* and *Parker* involve some of the same issues of law. Specifically, each action seeks relief under *42 U.S.C. § 1983*, as well as a list of similar, if not identical, claims under Illinois state law.

Therefore, this court finds that pursuant to L.R. 40.4(a) the *Freeman* and *Parker* cases are related.

**Reassignment**

L.R. 40.4(b) provides:

[HN4] "A case may be reassigned to the calender of another judge if it is found to be related to an earlier-numbered case assigned to that judge and that each of the following criteria is met:

    (1) both cases are pending in this Court;

    (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

    (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

    (4) [*6] the cases are susceptible of disposition in a single proceeding."

L.R. 40.4(b).

Because both *Freeman* and *Parker* are currently pending before separate judges in the United States District Court for the Northern District of Illinois, we find that the handling of both cases by one judge would save valuable judicial resources as well as substantial litigation costs by all parties. We also note that both actions are in the early stages of proceedings. In addition, the *Freeman* Plaintiffs (the plaintiffs in the earlier filed case) do not object to the motion for reassignment.

Plaintiff Parker argues that *Parker* should not be reassigned. He contends that although the complaints in both *Freeman* and *Parker* allege the same misconduct at an incident that occurred on April 17, 2003, each complaint also contains a separate incident of misconduct by certain Chicago police officers. Further, Plaintiff Parker maintains that unlike the *Freemen* Plaintiffs, he has chosen to pursue three additional counts in his complaint. Plaintiff Parker's objection to reassignment is without merit. The fact that each complaint alleges a separate incident of misconduct or that the [*7] complaint in *Parker* contains additional counts, does not preclude the two cases from being disposed of in a single proceeding. The overwhelming factual and legal issues presented in both the *Freeman* and *Parker* complaints revolve around the incident that occurred on April 17, 2003. The facts and issues in both cases are similar in nature and can be handled more efficiently in one proceeding. Accordingly, this court finds that the cases are susceptible of disposition in a single proceeding.

All four requirements for the reassignment as set forth in L.R. 40.4(b) have been satisfied. Therefore, this court finds that pursuant to L.R. 40.4(b), the *Freeman* and *Parker* cases may be reassigned to this court's docket for all purposes.

**CONCLUSION**

For the reasons stated above, this court finds that *Parker v. City of Chicago, et. al.,* Case No. 04 C 2727 is related to the instant case, *Rondell Freeman, et. al. v. Steven Bogusiewicz, et. al,* Case No. 03 C 2908 ("*Freeman*"), within the meaning of Local Rule 40.4(a) and that the higher numbered case (04 C [*8] 2727) should be reassigned.

Samuel Der-Yeghiayan

United States District Court Judge

Dated: August 10, 2004